## STATUTE OF FRAUDS.

PARKHURST, appellant, *v.* VAN CORTLAND, respondent, 14 J. R. 15.

In Ch. 1 J. C. R. 273.

*Parol Contract for Sale of Lands ; Specific Performance where Improvements were made, or Compensation for Improvements ; Parol Evidence to supply Defect of Written Agreement.*

THE appellants filed their bill against the respondent for a specific performance of a contract to sell or lease in fee, a tract of wild land to them, when his title should be perfected by a partition of the premises. The appellants had entered upon the land under an assignment of a license given by the respondent, to occupy and improve the lands ; they afterward surrendered the license to the respondent, and took a written memorandum, authorizing them to possess the land, and promising them the preference to purchase or lease it. It was proved that the respondent had, at various times, encouraged the appellants to build and make improvements on the land, by assurances that no advantage should be taken of their labor, and that when his title was perfected, they should have a lease in fee or a deed, at the rate at which wild lands were selling. After his title was perfected, the respondent refused to convey, and brought ejectment against the vendees.

The Chancellor, Kent, held that the agreement as set forth in the written memorandum referred to, and as it appeared from the parol evidence in the cause, were not, even with the alleged part performance by improvements, sufficient to take the case out of the statute of frauds, so far as regarded

a *decree for specific performance ;* that the written memorandum was uncertain and defective, and did not give the parties mutual remedies; and that as one party only was bound by it, a specific performance would not be decreed. But he held also, that the bill might be retained for the purpose of affording the party a reasonable compensation for the beneficial and lasting improvements he may have made upon the land; and made a decree accordingly.   On appeal from this decree,

The Court of Errors reversed the decision; the court holding, that the appellants having gone on the land, and under the written memorandum, made improvements, that was a sufficient part performance of the agreement to take it out of the statute; and that, although the memorandum of the agreement was uncertain in its terms, yet, as a part performance was made the basis of the claim to a specific performance of it, parol evidence might be connected with the memorandum in writing, for the purpose of making out the contract; and there being satisfactory evidence of an agreement, independently of the memorandum, the conduct of the respondent was held to be unfair, and such a fraud on the appellants, as to justify a decree for a specific performance.

---

☞ The general principle in regard to a memorandum in writing for the sale of lands, as recognized by the Chancellor in this case; " that to be valid, it must not only be signed by the party to be charged, but must contain the essential terms of the contract, expressed with such clearness and certainty, that they may be understood from the writing itself, or some other paper to which it refers, without the necessity of resorting to parol proof," is not questioned in or impaired by this decision of the Court of Errors, decreeing the specific performance.   The court held that the only use of the memorandum in the case, was to show that the appellants took possession with the consent of the respondent, and were not intruders.